Good morning, Your Honors. Anthony Bornstein on behalf of the petitioner, Willie Hess. Your Honors, this case presents a matter of first impression for this Court, whether the Oregon Parole statute, which contains the definition, present severe emotional disturbance, as a requirement for the deferral of an inmate's parole, is unconstitutionally vague in violation of the 14th Amendment. With the Court's permission, I think the best way to approach this issue is to examine the outline, if you will, in the District Court's opinion, and it specifically enumerates three particular reasons, mainly, that the statute is not vague, and I'd like to address each of those in turn. They appear most accessibly in two places, page 175 of the excerpt of record in the case Hess v. Hill, and it also is at page 7, excuse me, 8 of my brief in that case. And what, I'll just give the Court a second to locate that particular page, but what the District Court did, in part, in applying the AEDPA deference requirement, is to look at the Oregon previous case law that addressed the vagueness issue, in particular, the Packle v. Morrow case, and additional cases decided thereafter. The Court said that there were three essential reasons that the statute was not vague. One is that the statute charged the board with the task of determining whether the prisoner suffered from a present severe emotional disturbance. Well, identifying the decision-maker doesn't make the statute any less vague. That's akin to saying that the vagrancy statute in Kollender v. Lawson, which the Supreme Court found vague, is not vague because the police are the enforcers of that law. But, Mr. Bornstein, isn't that rationale related to the case law which says that a parole board has great discretion? I think the background is that parole boards typically do have great discretion, but the discretion still has to be defined and limited to a certain degree under the due process prohibition on vagueness, and that's not the case. And this particular statute runs afoul of that. And so with that, simply by identifying which actor is involved here, it's not limited. I understood the district court to be saying that the decision-maker was charged with implementing this. Right. I'm sorry, Your Honor? It wasn't just because it was designating the decision-making entity. Well, I agree that that's definitely not the sole basis for the court's decision, but it's one particular component which, I submit, does not narrow it. And it has to be evaluated in conjunction with the others. I totally agree with that particular point. In this instance, and most as far as I'm aware, the term has been applied through the DSM-IV criteria. Why isn't that sufficient to make it non-vague? Well, it may be in an individual case, but it obviously doesn't have to be in the way that the statute is applied. But as a functional matter, has it been interpreted that way by the Argonne courts? By the Argonne board, isn't that what they usually do? Use some DSM-IV criteria? Yes, there will usually be some criteria. So at least when that's being done, isn't that a core, essentially, interpretation? That it can be, if the psychiatrist says it is, severe emotional disturbance. And if there were a case in which the diagnosis wasn't couched in those terms, maybe there would be a problem, but here it was. But the fact that the DSM is frequently a basis for the psychiatrist or the psychologist's diagnosis does not provide sufficient guidance. Why? At least if it is a DSM-IV diagnosis, then it is severe emotional disturbance. Whether there's anything else, and this sort of partakes of the fact that vagueness under these circumstances perhaps can't be facial. So if there's something else, maybe somebody else could challenge it if it were outside those parameters, but it isn't in this case. Well, again, the DSM contains such a multiplicity of conditions, which include such things as caffeine addiction, which are in themselves a diagnosis under the DSM. So now you're saying the DSM-IV isn't good enough? Yes. That's a different point. I thought you were agreeing with me that it was good enough, but that it could be a diagnosis outside the DSM-IV. Well, what I'm saying is that the DSM in itself, just the fact that a particular psychologist or psychiatrist's underlying diagnosis is pegged to some code or condition. You think that would make it non-vague. It might make it erroneous, but it would make it non-vague. Well, the court's task here is to just determine whether the psychiatrist or the psychiatrist is a good enough diagnosis to make it non-vague. The PSED definition is unconstitutionally vague, and we know that. What I'm saying is this. Your objection to the DSM-IV that you just gave me the second time is that some of the things in it might seem a silly term, a silly way of interpreting severe emotional disturbance, and they may not really be severe emotional disturbances, but that wouldn't make them, wouldn't make it vague, it would just make it wrong. Do you see what I'm saying? Well, it still doesn't provide the petitioner a chance to meaningfully contest it. For instance, in the parole hearing here, Mr. Hess asked the chair of the board to define the present severe emotional disturbance. The response was, it's not defined. We have to determine whether or not there's a present severe emotional disturbance, i.e., not the psychologist. That's our job, said the chair of the board. But there are guidelines. I mean, to pick up on what Judge Berzon has been saying, there are guidelines. I mean, Oregon case law, from my reading of it for this case, says that there does have to be a diagnosis by a psychologist or a psychiatrist. It can't be simply a suggestion of a troubled personality. So doesn't that, you know, doesn't that guideline, you know, rein in the parameters so that it's not void for vagueness? Well, I think Your Honor has identified the one guiding element, and that single guiding element, I submit, is not enough to save the statute from the vagueness prohibition because of still the inherent subjectivity and elasticity of it. Simply that would be the only meaningful criteria at all. Okay, so what, do you want to move on so that? Yes, Your Honor, just along these lines, and underscoring this point, the second factor identified by the district court was that the term is a legal term and not a medical term. Well, that's no guiding fact, no guidance at all either. All vagueness challenges are made to legal terms, particularly those in statutes or administrative regulations. But the reason that the district court relied on that is because legal terms by, you know, by years of case law have been defined. And I think that's what the district court was relying on, saying it's a legal term, not a medical term. And we have, you know, years of case law defining that legal term and refining that definition throughout the cases. Isn't that the point that the district court was making? That is, I believe, in part the point, but when you examine the history of the statute in the Oregon courts, every now and then there is the decision saying that's not enough in newcome. And that's how legal terms are defined over the years. Well, that's one way, Your Honor. What would you, let's put it another way, what would have been appropriate to put into the statute, a medical definition? Well, I think there has to be some affirmative definition. And therefore, who would be, if it's a medical definition, then would the opinion of the psychiatrist be conclusive on the court? Well, I think that the courts... Yes or no? Would it be conclusive? Under the... If it's a medical definition, what would a group of laypeople have to add to the mix if the definition has been narrowed down to a medical definition? Well, I'm not saying that it has to be a medical definition. So what would satisfy the statute then, or the constitutional due process requirement? Some affirmative definition of the term that is akin to the insanity statute that says a medical disease or defect that renders the person unable to appreciate the criminality of their act or to conform their conduct to law. Something that has that kind of affirmative definition, not just a term that every now and then survives... That is your comparator? That's your comparator? You consider that to be sufficiently non-vague? Yes. Yes, and legal terms are defined, as the court is fully aware, all the time. I look through the Oregon jury instructions in preparation for the argument, and such terms as public place and the indecency statute are defined. The insanity statute, as I mentioned, has a definition. Deadly physical force, dangerous weapon, those kinds of legal terms have definitions that the... Some of them. The insanity defense may be a better analog, but the others that you're using were used to define a crime where you're trying to tell a person what they're not supposed to do, and that becomes... And the standards are different and higher in those circumstances, are they not? For the definition of the crime? Yes. Typically, the courts do require more precision in... Because you're trying to inform people, give them notice of what they're supposed to do and not supposed to do, as opposed to address a board that already has broad discretion with regard to some minor cabining of that discretion. That's what we're doing here, essentially. Right, and the thrust of our argument here is that the actors who are charged with, and do on a yearly, monthly basis, interpreting, enforcing this law, do not have the adequate guidance from the courts. That's why you get that kind of circular response in the parole hearing, where Mr. Hess is in vain trying to get some kind of guidance from the courts. And the board simply repeats that it's a legal definition, and it's not defined, and so there's no meaningful ability to contest that, or to challenge that. But a lot of times, there'll be, like in Social Security cases, there's a definition, there's disability, and we've heard arguments all week about how that's a legal, not a medical determination, and that the doctors can't deprive the administrative law judge of the ultimate decision. In this case, they've given parameters of general scope, admittedly, but the Oregon courts have looked, and the district court looked, to the fact that there has to be a medical opinion, a medical diagnosis, presented to the parole hearing. And it's up to the parole board, for it to base its ultimate legal conclusion on. It isn't as if the parole board gets to sit there and decide, well, they don't like the way the guy looked when he showed up, or he had a tick in his neck, or something like that. They have to rely on medical input. And I'm having a little trouble understanding where the vagueness line has been crossed under those circumstances. I think, Your Honor, that perhaps the best way to look at it, then, is to examine this court's decision in the Brown v. Palmateer case, which was an ex post facto decision, so it did not at all, in any way, address the vagueness. But there was a dispute between the majority and dissent concerning the diagnosis, and the dissent felt that since the report also stated that the petitioner there suffered from depression, that was good enough and sufficed under the statute. Yet, so there was, at that judicial level, even an uncertainty what kind of diagnosis would suffice. And that's why I submit that just the fact of a diagnosis is not sufficient to guide those charged with enforcing this particular statute in the Board of Parole.  May it please the Court, Caroline Alexander for Respondent. My comments will be brief, again, unless the Court has questions, but I'd like to address the Brown decision first, and clarify that decision, and clarify the basis of the dissent's position in Brown. Although Judge Tallman, in that dissent, did question whether there was a sufficient diagnosis, the main thrust of the dissent was, majority, that's all fine and good, but under the deferential principles of EDPA, you can't get where you got. That was the focus of the dissent. In passing, the dissent said, well, you know, maybe there was a sufficient diagnosis, we don't know that. But Oregon state law has been extremely clear that, as this Court has recognized, there must be a medical diagnosis for the Board to base its release decision on, and its finding of present severe emotional disturbance. And in the absence of such a diagnosis, when there is a diagnosis of some element of depression, that's not sufficient. Or residuals of a personality disorder, that is simply not sufficient, and that was the core problem in Brown. And if I may say, it's the reason why Respondent let that decision go, because in fact, I think that was a correct decision under state law. It was just that it was procedurally defaulted, was our position, and the dissent's position as well. As well as the finding of state law. But the state courts, again, have been very clear about the parameters that the Board must, that the Board's decision must fall within in order to deny release. And both the state courts and this Court have not been shy, when the parole board has not met those criteria, to grant the petitioner relief. I took from Brown, I'll have to take another look at it now. But Brown, to me, illustrated the fact that the courts were able to, on an as-applied basis, look to the process and determine whether or not the standard had met. I didn't look at it as a vagueness, from a vagueness standpoint. Correct. You're correct. Absolutely correct, Your Honor. And Brown didn't address a vagueness claim. At that point, the most popular claim regarding the statute was an ex post facto claim, which is the second claim. I understand what it was about, but looking at it, I'm not sure how it cuts. I don't know whether it cuts in favor or against a vagueness argument. It seems to me it suggests that, under the circumstances, a court is then able to review as to, as applied, whether or not the parole board decision, its legal conclusion is supported with all deference that is built into the system, is supported. The point Judge Berzon was making earlier on, about if they're outside the DSM-IV, or if the DSM-IV translates caffeine addiction into a qualifying disability, then common sense and maybe even judges could figure out, if the parole board didn't, that that might not be what the language encompassed. I think in addition to that, Your Honor, it's not simply whether there's a medical diagnosis or a DSM-IV diagnosis. That wouldn't be sufficient. The legal term is present severe emotional disturbance. The diagnosis has to provide a foundation, but it isn't necessarily sufficient. Right, but I'm saying that if what the board had, it may have had other things before it, other circumstances. Testimony from guards at the prison saying how this person acts out or whatever else. But if the medical component of its decision was based on what the board had, as judges or the parole board ought to have as laypeople question whether it had any rational connection with the kind of emotional disturbance that would create the kind of danger that the statute is concerned about, that is the kind of thing that judges can review and parole boards have to take into account. So that, to me, says that the statute is susceptible to an as-applied analysis. I'm not arguing that it's vague or not. I'm just musing as to how it all cuts. Correct. I see your point, Your Honor, I think. But I think... I think that the answer to that, if I'm even understanding what your concern is, if there's even a concern there, is that, as Judge Barzilay points out and Judge Berzon as well, that the statute, as defined by the case law, defines the, or controls the vagueness analysis. In other words, the statute is not vague on its face. If the courts, in applying the statute, had been able to define the criteria sufficiently to give adequate notice of the vagueness... What's the best limitation that the courts of Oregon have put on it? Pardon me, Your Honor? What's the best example of limitations that the Oregon courts have put on the definition? Well, I think that the requirement of medical diagnosis is the first and foremost. Okay. How does that help? I think you'll find the best interpretation of the statute under state law in Widener v. Arminicus. And under Widener, that's only one component of that decision, that there must be a medical diagnosis. Suppose, for example, you had a diagnosis of attention deficit disorder. It's a medical diagnosis. It probably isn't DSM-IV, I don't know. But still, the parole board would have to decide whether that is a diagnosis of severe emotional disturbance. Exactly. Absolutely. Would it be? Absolutely. And that's what Widener goes on to explain in that case, is that, yes, there has to be a foundation of a medical diagnosis or a psychological or psychiatric diagnosis. But what that proves is that the fact that it is a medical diagnosis, meaning it's not sufficient to prove that it's severe emotional disturbance. Correct. All right. So then what is the severe emotional disturbance? Is, for example, an ADHD, is that severe emotional disturbance? Again, Your Honor, I think if you look at the case law, including Christensen and Newcomb and all of the cases that have dealt with the statute after that, the cases examine all the evidence that the board relied on. And come to a conclusion whether, in addition to the medical diagnosis as foundation, the rest of the evidence constituted a present severe emotional disturbance. It's just, you see, emotional disturbance is a somewhat unusual term, because it doesn't refer to a mental disease as such. It's emotional. Emotional is, I think, not a term that doctors would use particularly. It is not a medical term. That's correct. It appears to be focusing, for example, not on a cognitive problem, and not, I mean, for example, is schizophrenia an emotional disturbance? I don't know, because schizophrenia is kind of a perception problem, largely. Emotional seems to be talking about something else. I think the same, I think one could say the insanity statute has exactly the same problem. Mental disease or defect. What is that? Mental disease is not a term that you find in the medical community or in DSM-IV or anyplace else. They're legal terms of art, and it's the case law and the surrounding statutes that further define what those terms mean. So I think for a petitioner to use the insanity statute doesn't help him at all. This court looked at a very similar statute in Glauner. You see exactly the same problem there. That's Nevada's statute for parole deferral, and that statute is menace to the health, safety, or morals of others. There's the same criticism there. What in the world does that mean? Again, it's a legal term of art. You're not going to find that in the medical community. But this court made two points in Glauner. First of all, petitioner's argument that that particular menace language was vague would have force if Nevada made it a crime to be a menace to the health, safety, or morals of others. So yes, indeed, it's not the same standard as a vagueness standard for the commission of a crime. So we're talking about two different things. It's a lower standard. In fact, it's not a crime. It's not defined as a crime. Instead, it provides an evaluation standard for the pre-parole hearing panel to follow, requiring it to consider relevant evidence regarding whether a prisoner suffered a menace. Let me just say what's bothering me again. DSM stands for Diagnostic and Statistical Manual of Mental Disorders. A severe emotional disturbance seems to be a subcategory of that. Because emotional appears to be a subset of mental problems, i.e., mental would encompass cognitive, intellectual, and so on. But emotional is a specialized subcategory, it seems to me. And I don't know what specialized subcategory it is, but if you read psychological literature, the emotions are considered lodged elsewhere in the brain than cognitive functions, for example, and are a different set of functions than cognitive and perception, both of which are also mental. All right. I don't know whether the case law reflects that. I don't know what the parameters are, but it seems to be directed at something narrower than mental disorders in general. Does that seem right? No, it doesn't. Well, why? I don't agree with that, because I think it's a legal term of art. And so I think you're comparing apples to oranges. I think you're trying to compare a legal term of art and shove it into a medical model, and I don't think that's what it's designed to do, any more than mental disease. What's a mental disease? I don't know. Mental disorder, but I don't think they have an emotional disorder. But the question then becomes under 144, 125 sub 3, could the parole board, based on that diagnosis, find a present severe emotional disorder? I certainly hope not, frankly. Maybe we are discovering that this is vague. Well, but again, what would happen if you had a person or an offender with a diagnosis of retardation, and that condition caused the person to assault prison guards? Fine. It's still not an emotional disorder. I mean, they may have an emotional disorder also, but if they assaulted prison guards because they didn't know it was a prison guard because it was so retarded, that wouldn't be an emotional disorder. But why not? Now we're really proving it's vague, because it's absolutely plain to me that it's not an emotional disorder. I'm just not sure that that's the case. I'm not sure that the statute requires a certain diagnosis under, or the parole board's discretion is so constrained in applying that statute that it could not make that finding based on that diagnosis, depending on what other evidence there was in the record, given the offender's status, behavior, crime, and so on. You seem to be demonstrating that it really doesn't have any content, that it's whatever the parole board wants it to be. Well, with all due respect, Your Honor, I don't see how this is different than the standard that this Court found under Nevada law to be not facially vague. I just don't see the difference. What was the standard in Nevada? And again, if you'll let me finish what I was reading, Again, what's a sexual deviancy? It's certainly not enough under this Court's precedent to find that statute or that standard vague. Sexual deviancy would rule out, would probably exclude mental retardation, though, or not include. Well, Nevada has a different, this particular statute goes to sex offenses. Well, I understand it does, but you're trying to compare it, and so if you look at, in a vagueness challenge, you look to the entirety of what the statute has to say, and you've taken it and said it includes the modifier, the qualifier of sexual deviancy, that's not present in this statute. No, it's not. So basically we come back to exploring the boundaries, or lack thereof, of emotional, a severe emotional disorder. I see my time is up. I think mine was rhetorical anyways. That's fine. I think the Court understands the arguments. It's an interesting case, so we appreciate both of your contributions.
judges: Fisher, Berzon, Barzilay